**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GOVERNMENT OF GUAM, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civ. Action No. 3:17-CV-00371 |
| UNITED STATES OF AMERICA, | § § | Filed May 19, 2017 |
| *Defendant*. | § § | |

**AMENDED COMPLAINT**

Comes Now, the Government of Guam, as authorized and approved by Governor Eddie Baza Calvo and brought by the Office of Attorney General Elizabeth Barrett-Anderson and outside counsel, and files its Amended Complaint and complains as follows:

**INTRODUCTION**

1.   This is a civil action brought by the Government of Guam pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601-9675, as amended ("CERCLA"), against the United States of America, including but not limited to the Department of Navy, for costs of removal and remedial action arising from or related to the investigation, remediation and closure of the Ordot Landfill and relocation of the community facility and business.

**JURISDICTION**

2.   Jurisdiction is proper in this Court under 28 U.S.C. § 1331 (civil action arising under the laws of the United States) and 28 U.S.C. § 2201 (declaratory relief). Jurisdiction is also proper in this Court under 42 U.S.C. §§ 9613(b) and 9613(g)(2).

## VENUE

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), 1391(c)(2) and 1391(e)(1)(A) and 42 U.S.C. § 9613(b).

## PARTIES

4. Plaintiff, Government of Guam ("Guam"), is a public entity existing under the Guam Organic Act of 1950 and has the power to sue under 48 U.S.C. § 1421a.

5. Defendant United States of America includes, *inter alia*, the Departments of Interior, Defense, Army, Navy, and Air Force. The Department of Navy ("Navy")[1] was previously identified by the United States Environmental Protection Agency ("USEPA") as a potentially responsible party at the Ordot Landfill.[2] Defendant Navy is an agency within the Executive Branch of the federal government of the United States of America. Defendant Navy is a resident of Connecticut with Naval Submarine Base New London located at Groton, Connecticut 06349. Defendant Navy may be served via certified mail return receipt requested at the following three addresses:

> United States of America
> Department of the Navy
> General Litigation Division
> Authorized Agent for Service of Legal Documents
> 875 N Randolph Street
> Arlington, VA  22217

---

[1] Defendant Navy is the successor to the former Department of the Navy, a cabinet-level Executive Branch Department until it was merged into the Department of Defense as a military department pursuant to the National Security Act of 1947, as amended in 1949.

[2] U.S. EPA Final Record of Decision, Ordot Landfill Superfund Site, September 1988.

>United States of America
>Department of the Navy
>General Litigation Division
>Authorized Agent for Service of Legal Documents
>720 Kennon Street, SE
>Washington, DC  20374

>United States of America
>Department of the Navy
>General Litigation Division
>Authorized Agent for Service of Legal Documents
>1322 Patterson Ave., Suite 3000
>Washington Navy Yard, DC 20374-5066

The United States Attorney for the District of Connecticut may be served via certified mail return receipt requested at:

>United States Department of Justice
>United State Attorney
>District of Connecticut
>Civil Process Clerk
>Connecticut Financial Center
>157 Church Street, Floor 25
>New Haven, CT  06510

The United States Department of Justice may be served via certified mail return receipt requested at:

>United Stated Department of Justice
>United States Attorney General
>950 Pennsylvania Avenue, NW
>Washington, DC 20530

**FACTUAL BACKGROUND**

6. On June 21, 1898, the United States captured the island of Guam.  By the Treaty of Paris, Spain ceded Guam to the United States, effective April 11, 1899.  Defendant Navy unilaterally governed and operated the island as the "USS Guam," with the Naval Commandant acting as the governor of Guam.  Plaintiff Guam was established by the United States Congress through enactment of the Guam Organic Act in 1950.  The Guam Organic Act transferred federal

jurisdiction over Guam from Defendant Navy to the Department of the Interior. However, Guam continued to be under the control of the federal government and Defendant Navy as an instrumentality and having its governor appointed by the President of the United States. Indeed, due to the extensive military presence and operations throughout Guam, a federal military security clearance was required for anyone to visit Guam until the 1960s. Guam's first popularly elected governor took office in 1971.

7. Defendant Navy built and began using the Ordot Landfill before World War II for the disposal of municipal and military waste. The Navy operated the landfill until the Japanese military invaded and occupied Guam in December 1941. Japan used the landfill throughout its occupation until United States military forces recaptured Guam in July 1944.

8. In November 1945, Congress passed "The Guam Meritorious Claims Act," authorizing the Secretary of the Navy to adjudicate and settle Guam's reparation claims. On January 8, 1947, the Secretary of the Navy appointed a three-member committee to evaluate Defendant Navy's handling of its reconstruction and rehabilitation responsibilities on Guam. The committee found Defendant Navy's settlement and payment system was ineffective and recommended significant changes to the reparations process.

9. On September 8, 1951, the United States government signed the Treaty of San Francisco with Japan, waiving all of Guam's reparation claims, including those for property damage across the island. The United States therefore is responsible for any removal and remediation costs related to the Ordot Landfill attributable to the Japanese invasion and occupation of Guam.

10. Upon the recapture of the island by the United States in July 1944, Defendant Navy resumed operations at the Ordot Landfill and operated and controlled the site thereafter. Despite

the Guam Organic Act, Guam remained an instrumentality of the federal government from 1950 to 1970. During this time period, the Ordot Landfill was operated by the government of Guam under a governor appointed by the President of the United States and under the oversight of the United States military including Defendant Navy.

11.     The United States arranged for, transported and disposed of municipal and military waste at the Ordot Landfill from the time of the dump's opening until the creation of Navy's own disposal area in the 1970s.[3] The United States used the Ordot Landfill during significant military campaigns, including but not limited to the Korean War (1949-1953) and the Vietnam Conflict (1965-1973).      Significant     quantities    of    munitions    and    chemicals    (*e.g.*, Dichlorodiphenyltrichloroethane – "DDT" – and Agent Orange) were stored on Guam for extensive use during these campaigns, both on foreign soils as well as on Guam itself. Upon information and belief, wastes and unused excess stores of these munitions and chemicals were disposed of on Guam including but not limited to at the Ordot Landfill. Until the 1970s, at the earliest, the Ordot Landfill was the only sited and operational dump on Guam. It continued to be the only public sited dump on the island until its closure in 2011.

12.     During its years of operation, the Ordot Landfill was unlined on its bottom and uncapped at its top. The landfill absorbed rain and surface water and released it after it percolated through the landfill and picked up contaminants. These contaminants discharged into the nearby Lonfit River. The Lonfit River flows into the Pago River which discharges into the Pacific Ocean at Pago Bay.

---

[3] At some point after its creation in the late 1940s, the United States Air Force began operating on Guam and opened its own base. Upon information and belief, the Air Force arranged for, transported and disposed of municipal and military waste at the Ordot Landfill from the time of the base's opening until the creation of Air Force's own disposal area in the 1970s.

13. The Ordot Landfill has a long history of operational and environmental problems dating back to before World War II. USEPA added the Ordot Landfill to the National Priorities List ("NPL") in 1983. The NPL is USEPA's list of sites given priority for the expenditure of funds to respond to the release or threatened release of hazardous substances. In 1988, the USEPA issued a Record of Decision which noted that Defendant Navy was a potentially responsible party ("PRP") for the environmental contamination at and emanating from the Ordot Landfill. Despite such designation, USEPA recommended no action at the Ordot Landfill.

14. In 2002, the United States sued Guam solely under the Clean Water Act, asserting that leachate was discharging from the Ordot Landfill into the Lonfit River and two of its tributaries. In 2004, the United States District Court for the Territory of Guam approved a consent decree under the Clean Water Act requiring Guam to close the Ordot Landfill and stop the discharge of leachate. In 2011, operations at the Ordot Landfill ceased. Remediation and closure work at the Ordot Landfill, which included capping the landfill, installing storm water management ponds, leachate storage tanks and a sewer line, began in December 2013 and is still ongoing.

15. Guam expects costs of remediation at and related to the Ordot Landfill to exceed approximately $160,000,000.

**CLAIMS FOR RELIEF**

FIRST CAUSE OF ACTION
RECOVERY OF REMOVAL AND REMEDIATION COSTS
UNDER SECTION 107(A) OF CERCLA

16. Guam incorporates the allegations in all preceding paragraphs.

17. The Ordot Landfill is located on Guam. The Ordot Landfill is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. The United States is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). The United States, including but not limited to Defendant Navy, is the former owner and operator of the Ordot Landfill, and it also arranged for the disposal or treatment of hazardous substances at the Ordot Landfill and transported hazardous substances for disposal at the Ordot Landfill.

19. During the time the United States owned or operated the Ordot Landfill, and possibly afterwards, the United States, including but not limited to Defendant Navy, disposed of, and arranged for the disposal of, various types of hazardous substances and waste at the Ordot Landfill, including but not limited to municipal waste, military, industrial and commercial chemicals, PCB-contaminated oils from electrical transformers and munitions.

20. There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threats of continuing releases, of hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at or from the Ordot Landfill.

21. Guam has incurred and will continue to incur removal and remediation costs related to the releases or threatened releases of hazardous substances at or from the Ordot Landfill.

22. Guam's removal and remediation costs regarding the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

23. Under Section 107(a)(4)(A) of CERCLA, PRPs are liable for all costs of removal and remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(A). The terms United States and State are defined specifically to include Guam. 42 U.S.C. § 9601(27).

24. Under CERCLA, each department or agency of the United States is subject to liability under Section 107. 42 U.S.C. § 9620(a)(1). The United States, including but not limited to Defendant Navy, is liable under Section 107(a)(2) because it owned or operated the Ordot Landfill when hazardous substances were disposed of there. The United States, including but not limited to Defendant Navy, also is liable because it arranged for the disposal of hazardous substances at the Ordot Landfill and transported hazardous substances for disposal at the Ordot Landfill.

25. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the United States, including but not limited to Defendant Navy, is liable to Guam for removal and remediation costs incurred by Guam related to the Ordot Landfill, plus interest, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT OF LIABILITY FOR FUTURE RESPONSE COSTS PURSUANT TO SECTION 113(g)(2) OF CERCLA

26. Guam incorporates the allegations in all preceding paragraphs.

27. Guam will continue to incur removal and remediation costs associated with the Ordot Landfill that are recoverable from the United States, including but not limited to Defendant Navy, under CERCLA.

28. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), specifies that in any action for recovery of costs under Section 107 of CERCLA, 42 U.S.C. § 9607, "the court shall enter a declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs . . . ."

29. Guam is entitled to entry of a declaratory judgment that the United States, including but not limited to Defendant Navy, is liable for future removal and remediation costs incurred by Guam in connection with the Ordot Landfill to the extent that such costs are incurred in a manner not inconsistent with the National Contingency Plan.

## THIRD CAUSE OF ACTION
## CONTRIBUTION UNDER SECTION 113(f) OF CERCLA

30.     Guam incorporates the allegations in all preceding paragraphs.

31.     Pleading in the alternative, the United States, including but not limited to Defendant Navy, is liable to Guam for contribution pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for all costs in excess of Plaintiff's fair and equitable share of costs that Plaintiff has incurred and may incur for removal and/or remediation of the release and/or threatened release of hazardous substances at or from the Ordot Landfill.

## **PRAYER FOR RELIEF**

WHEREFORE, Guam prays that this Court:

32.     Enter a judgment in favor of Guam and against Defendant United States, including but not limited to Defendant Navy, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for removal and remediation costs incurred by Guam at or related to the Ordot Landfill, plus interest, in an amount to be proven at trial.

33.     Enter a declaratory judgment of liability in favor of Guam and against Defendant United States, including but not limited to Defendant Navy, for future removal and remediation costs pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) at or related to the Ordot Landfill.

34.     In the alternative, enter a judgment in favor of Guam and against Defendant United States, including but not limited to Defendant Navy, for all costs in excess of Plaintiff's fair and equitable share of removal and remediation costs that Plaintiff has incurred and may incur at or related to the Ordot Landfill.

35. Enter a judgment awarding Guam its costs incurred herein.

36. Enter a judgment for such other and further relief as the Court deems just and equitable.

Dated: May 19, 2017                                         Respectfully submitted,

By: /s/ Marisa A. Lorenzo_____

| | |
|---|---|
| Elizabeth Barrett-Anderson | Marisa A. Lorenzo (ct30190) |
| ATTORNEY GENERAL OF GUAM | KELLEY DRYE & WARREN LLP |
| Kenneth D. Orcutt | 101 Park Avenue |
| DEPUTY ATTORNEY GENERAL | Telephone: (212) 808-7800 |
| Civil Litigation Division | Facsimile: (212) 808-7897 |
| 590 S. Marine Corps Drive | New York, NY 10178 |
| Suite 706, ITC Building | mlorenzo@kelleydrye.com |
| Tamuning, Guam 96913 | |
| Telephone: (671) 475-3324 | John D.S. Gilmour |
| Facsimile: (671) 472-2493 | William J. Jackson |
| korcutt@guamag.org | Mark Donatiello |
| | KELLEY DRYE / JACKSON GILMOUR DOBBS |
| | 515 Post Oak Blvd., Suite 900 |
| | Houston, TX 77027 |
| | Telephone: (713) 355-5005 |
| | Facsimile: (713) 355-5001 |
| | jgilmour@kelleydrye.com |
| | bjackson@kelleydrye.com |
| | mdonatiello@kelleydrye.com |